**Buffy Lyn RONEY; et al.,
Plaintiffs-Appellants,**

v.

**Michael MILLER, DBA Falcon Press,
Inc. and United States Ecclesiastical
Society & Seminary, DBA New Falcon
Publications, a corporation, Defen-
dants-Appellees.**

No. 16-55717

United States Court of Appeals,
Ninth Circuit.

Submitted December 4, 2017 *
Pasadena, California

Filed December 11, 2017

Buffy Lyn Roney, Pro Se

Buffy Lyn Roney, Attorney, Buffy Lynn
Roney, Los Angeles, CA, for Plaintiffs-
Appellants

JaQay Carlyle, Esquire, Carlyle Legal
Corporation, Sherman Oaks, CA, for De-
fendants-Appellees

Before: CALLAHAN and BEA, Circuit
Judges, and WHALEY,** District Judge.

MEMORANDUM ***

Plaintiffs appeal the dismissal of their
complaint without leave to amend. We re-
verse.[1]

1. Plaintiffs state a straightforward
case of copyright infringement: they (as
heirs of the author) are the owners of the
copyrights in and to four books—which
Plaintiffs identify in their First Amended
Complaint (FAC) by title and copyright
registration number—and Defendants sell
those books without authorization. Plain-
tiffs thus allege the two elements of a
copyright infringement claim—" 'owner-
ship of a valid copyright' " and " 'copying
of constituent elements of the work that
are original.' " *Seven Arts Filmed Entm't
Ltd. v. Content Media Corp. PLC*, 733
F.3d 1251, 1254 (9th Cir. 2013) (quoting
*Feist Publ'ns, Inc. v. Rural Tel. Serv.
Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113
L.Ed.2d 358 (1991)); *see also* 1 Melville B.
Nimmer & David Nimmer, Nimmer on
Copyright § 13.01 (Matthew Bender, rev.
ed. 2017) ("Reduced to most fundamental
terms, there are only two elements neces-
sary to the plaintiff's case in an infringe-
ment action: ownership of the copyright
by the plaintiff and copying by the defen-
dant."). Plaintiffs' FAC gives Defendants
fair notice of the alleged wrongdoing,
such that they can admit or deny that
they sold/sell the books identified in the
FAC without permission. The district
court erred in concluding Plaintiffs failed
to state a claim.

2. Plaintiffs also argue the district court
abused its discretion in denying leave to
amend. That argument is moot in light of
our conclusion that the FAC sufficiently
alleges a copyright infringement claim.
However, because we perceive a reason-
able likelihood that Plaintiffs will seek

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** The Honorable Robert H. Whaley, United
States District Judge for the Eastern District
of Washington, sitting by designation.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

1. Plaintiffs' allegations are familiar to the par-
ties and are restated here only as necessary to
resolve the legal issues of the appeal.

leave to amend,[2] and because the district court's decision to deny leave to amend conflicts with our jurisprudence, we note a few principles governing requests for leave to amend.

"When justice requires, a district court should 'freely give leave' to amend a complaint." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (identifying factors that may justify denying leave to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility). Although the repeated failure to cure deficiencies is a proper basis for denying leave to amend, there is no such repeated failure when, as here, the current motion to dismiss is "the first pleading[ ] to attack the sufficiency of [the plaintiffs'] allegations, the current decision[ ] by the district court ... [is] the first to address the sufficiency of those allegations, and [the plaintiffs are] seeking [their] first opportunity to cure those deficiencies." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (reversing denial of leave to amend even though the plaintiff had previously amended his pleading three times); *see also Eminence Capital*, 316 F.3d at 1053 (noting that although the complaint was amended multiple times, "it is not accurate to imply that plaintiffs had filed multiple pleadings in an attempt to cure pre-existing deficiencies"). Additionally, "[u]nder futility analysis, '[d]ismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by any amendment.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (second alteration in original).

The judgment is **VACATED**, the district court's order granting Defendants' motion to dismiss is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with this disposition. Costs are to be taxed against appellees Michael Miller and United States Ecclesiastical Society & Seminary.

---

**2.** In response to the motion to dismiss, Plaintiffs submitted a proposed Second Amended Complaint, which the district court rejected.